Curia, per

O’Neall, J.
From the reports of the magistrate, it does pot appear when the rent was due; for aught that appears, the suits might have been brought on the instant that it was payable. The rule is clear, that where nothing appears on the face of the proceedings to shew the' Want of jurisdiction, and the objection is not made in the court below, it cannot be taken in the court above. This would be enough for the purposes of these cases. But if it be conceded that the rent had been due one or two days, the plaintiff had the right to treat the defendant’s contract as without the accrual of interest. The interest then due was incapable of reception, on account of its minuteness, and hence, on the maxim “ de minimis non curat le&p the plaintiff might legally disregard it. In puch a case as the present, I do not think the cases decided in relation to the process jurisdiction, have any application; there, the attempt was made by releasing a substantial part of the demand to give jurisdiction, which the court held could not be done. Here, as soon as the rent is due, a suit is instituted for its recovery, disregarding the interest on the rent, which was less than the smallest coin or denomination of money in circulation.
The motion to reverse the Recorder’s decision, and to affirm the judgments of the magistrate, is granted.
Gantt, Richardson, Evans, and Butler, JJ. concurred.